## 59912. FIFE v. ANDERSON REALTY BROKERS, INC.

BIRDSONG, Judge.

In August, 1978, the payee, appellee Anderson Realty Brokers, Inc. sent a notice of default and demand to the maker of a note, of which appellant Fife is the guarantor. The notice provided "Pursuant to the terms specified in said note, *relative to default in payment, Anderson Realty Brokers, Inc. hereby declares the full balance on said note due and payable now.* Also pursuant to the terms specified in said note, the provisions relative to the addition of attorney fees will be enforced if payment in full of said note is not made within ten (10) days from the receipt of this notice, all as provided for in Georgia Code § 20-506." (Emphasis supplied.) No other notice was given either to the maker or the guarantor. Nearly three months later, appellee filed suit on the note, against Fife the guarantor. From the overruling of Fife's oral motion to dismiss, and the grant of summary judgment to the appellee Anderson, Fife appeals. *Held:*

Fife urges, as he did below, that it was error to find that the notice given to appellant, as guarantor, was sufficient compliance with all of the terms and conditions of the note, and to thereby overrule appellant's oral motion to dismiss; and that it was error to grant appellee's motion for summary judgment on the note. We agree.

The terms of the note provide that "In the event of default . . . [the] *payee may not accelerate subsequent payments until first giving maker notice of such default, following which notice maker shall have thirty (30) days . . . to cure such default following which,* absent curing of default by maker, *payee may accelerate and declare due, payable and in default all remaining obligations."* (Emphasis supplied.) It is very clear that by the terms of the note, the payee could not accelerate and declare due and payable and in default the entire obligation until the maker was notified of the particular default and was given the required 30 days' grace to cure the particular default.

The "notice of default" in this case did not give the required 30 days in which to cure the default. Instead it accelerated the debt

obligation and declared due and payable the full note balance. The obvious effect of this notice was to accelerate the debt immediately upon the particular, single default.

Appellee argues that any defect in the notice terms is harmless since it waited more than 30 days after sending the notice before it filed suit; but this ignores what we have just pointed out, which is that the payment which it had demanded and which it "waited for" was the entire note balance. This patently could never become due until the maker was first notified that he was in default of a particular payment, and until 30 days passed without that default being cured. Appellee also argues that as to the liability of the guarantor Fife, it is not necessary to give notice at all, because under Code Ann. § 109A-3—416, a guarantor "engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party." But, as we have said, in this case the entire accelerated note obligation, for which Fife was sued, was not properly "due"; and further, under that statute Fife would only be obligated to pay the note "according to its tenor," which tenor included the requirement of notice to the maker of the particular default and 30 days' grace to cure it.

There was no notice in this case such as the note requires. The notice which was given accelerated and declared due and payable the entire debt, which could not be done without first giving notice of default and 30 days' grace to cure it. Appellee did not have the cause of action it alleged; it was therefore error to overrule appellant's motion to dismiss, and it was error to grant summary judgment to the appellee.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MAY 6, 1980 — DECIDED JULY 8, 1980 —
REHEARING DENIED JULY 30, 1980.

*Gaines A. Tyler, Hugh F. Newberry,* for appellant.
*Jefferson L. Davis, Jr.,* for appellee.